**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

August 1, 2011

**LETTER OPINION**

Robert C. Brady
Gibbons, PC
One Gateway Center
Newark, NJ 07102-5310

Vijay Amin
1032 Grayson Drive
Souderton, PA 18964

Re: **Days Inn Worldwide, Inc. v. Prudent Lodging of Kalamazoo, LLC, et al.**
Civil Action No.: 11-2493

Dear Parties:

This matter comes before the Court by way of a motion to dismiss for lack of personal jurisdiction filed by Defendant Vijay Amin ("Defendant Amin" or "Amin") on June 17, 2011. The Court has considered the submissions of the parties in support of and in opposition to the present motion and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant Amin's motion to dismiss is denied.

**BACKGROUND**

For the purposes of the instant motion, the Court takes as true all factual allegations contained in Plaintiff's Complaint. In July 2000, Plaintiff entered into a license agreement with Berkley Realty Group, a non-party, for the operation of a hotel facility in Kalamazoo, Michigan. (Compl. ¶ 12.) That agreement (hereinafter the "License Agreement") provided that Berkley Realty Group "consent[ed] and waive[d] [its] objection to the non-exclusive personal jurisdiction of and venue in the . . . United States District Court for the District of New Jersey for all cases and controversies under this [License] Agreement." (Id., Ex. A at 19, § 17.6.3.) In June 2003, Defendant Prudent Lodging of Kalamazoo, LLC ("Prudent Lodging") assumed by way of an "Assignment and Assumption Agreement" Berkley Realty Group's rights and liabilities under the License Agreement and its addenda. (Compl. ¶ 13, Ex. B.) In connection with that transfer, Defendant Amin, among

others, personally guaranteed Prudent Lodging's performance under the License Agreement by way of a written instrument (the "Guaranty"). (Id. ¶ 25.) Plaintiff's claims arise out of Prudent Lodging's alleged unilateral termination of the License Agreement in October 2006. Defendant Amin now moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## **DISCUSSION**

Defendant Amin offers two arguments in support of his motion. First, he argues that because he has no contacts with New Jersey, personal jurisdiction is inappropriate. Defendant Amin then argues that because the Guaranty does not incorporate the License Agreement's forum selection clause, the clause is not applicable to him. The Court addresses Defendant Amin's arguments with respect to the forum selection clause first.

A federal district court may exercise jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007). Personal jurisdiction, however, is a right that can be waived by the parties. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). A forum selection clause in a contract is one way to effectuate this waiver. Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315–16 (1963). The Supreme Court has held that "[forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Expanding on this ruling, the Third Circuit has stated:

> a forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983); see MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A., 65 F. App'x 844, 846 (3d Cir. 2003). The party challenging the enforcement of a forum selection clause bears "the burden of demonstrating why they should not be bound by their contractual choice of forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995).

Here, the Guaranty unambiguously incorporates the forum selection clause contained in the License Agreement. The Guaranty makes explicit reference to the Assignment and Assumption Agreement and goes on to state that the guarantor "acknowledges that Section 17 of the ["License"] Agreement, including Remedies, Venue and Dispute Resolution, and WAIVER OF JURY TRIAL, applies to this Guaranty." (Compl., Ex. D (capitalization in original).) Contained within Section 17 of the License Agreement is Section 17.6, "Choice of Law; Venue; Dispute Resolution," which contains the forum selection clause asserted by Plaintiff. (See Compl., Ex. A at 19.) Thus, both the number of the section containing the License Agreement's forum selection clause and its

corresponding title are provided in the Guaranty. The Guaranty therefore clearly refers to and incorporates the License Agreement's forum selection clause.

Defendant Amin relies on Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 983 A.2d 604 (N.J. Super. Ct. App. Div. 2009), in contending that the language of the Guaranty is not sufficiently clear to incorporate portions of the License Agreement by reference.[1] Alpert, however, dealt with an agreement where the alleged incorporating language stated only that the party "will be bound '[by the plaintiff's] standard billing practices and firm policies.' " 983 A.2d at 618 (quoting the agreement). Here, by contrast, the Guaranty makes explicit reference to specific sections of the License Agreement; there are no vague references to "firm policies" or the like. Defendant Amin's reliance on Alpert is therefore misplaced.

Furthermore, Defendant Amin has not alleged that he entered into the Guaranty as a result of fraud, that enforcement of the forum selection clause would violate public policy, or that litigation in this forum by a resident of eastern Pennsylvania would be so inconvenient as to be unreasonable. Amin alleges only that he "never saw" the License Agreement, a consideration which does not, by itself, excuse performance. See Gras v. Associates First Capital Corp., 786 A.2d 886, 894 (N.J. Super. App. Div. 2001) ("Failing to read a contract does not excuse performance unless fraud or misconduct by the other party prevented one from reading.") (quotation omitted). Defendant has therefore failed to carry his burden of demonstrating why he should not be bound by the License Agreement's forum selection clause. The Court thus concludes that Defendant Amin waived any objection to personal jurisdiction by entering into the Guaranty. As such, the Court need not address whether he lacks minimum contacts with the forum. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.14 (1985).

## CONCLUSION

For the foregoing reasons, Defendant Amin's motion to dismiss is denied. An appropriate Order accompanies this Letter Opinion.

Very truly yours,

*/s/ Jose L. Linares*
Jose L. Linares,
United States District Judge

---

[1] Defendant Amin also relies on portions of the Code of Federal Regulations regarding the use of incorporation by reference in the Federal Register. (See Pl.'s Br. in Supp. of Rule 12(b)(2) Mot. at 2.) Such regulations are entirely inapplicable here.